**FILED**

**Lucinda B. Rauback, Clerk**
**United States Bankruptcy Court**
**Augusta, Georgia**
*By jpayton at 3:35 pm, Mar 27, 2015*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

IN RE:                          )        Chapter 13 Case
                                )        Number <u>14-11088</u>
CORNELIA A. CUMMINGS,           )
                                )
        Debtor                  )
_____)

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Case for Failure to Pay Filing Fees Timely filed by the Chapter 13 Trustee ("Trustee") and a Motion to Compel the Trustee to pay the $310.00 filing fee as soon as practicable filed by Cornelia A. Cummings ("Debtor"). This is a core proceeding pursuant to 28 U.S.C. §157(b) and the Court has jurisdiction under 28 U.S.C. §1334.

This case involves the proper disbursements in an underfunded chapter 13 bankruptcy plan when there is insufficient money to pay: the pre-confirmation adequate protection payments; the filing fee; and the Trustee's percentage fee. This problem arose because the Debtor has been unable to make her plan payments as proposed in her chapter 13 plan. For the following reasons, the Trustee's Motion to Dismiss is denied and Debtor's Motion to Compel is granted.

### FINDINGS OF FACT

Debtor filed her chapter 13 bankruptcy petition on June 20, 2014. Her amended chapter 13 plan provides for a monthly plan payment of $271.00. Dckt. Nos. 24 and 35. Under Debtor's proposed plan, Debtor was to make pre-confirmation adequate protection payments in the amount of $125.00/month to the Trustee for distribution to Peritus Portfolio Services ("Peritus"). Id. Debtor further proposed to pay the $310.00 chapter 13 filing fee in installments through her plan. Dckt. No. 4. If the plan was adequately funded, the Trustee would have sufficient funds on hand to: make the adequate protection payments; pay the $310.00 chapter 13 filing fee within the proscribed time period; and pay the Trustee's commission. However, Debtor failed to fund her plan as proposed and therefore there was not enough money, on hand, for the Trustee to make all of these payments.

Debtor filed a proof of claim in the name of Old Capital Motors, Inc. in early August 2014, before the claims bar date. Claim No. 6. A transfer of this proof of claim was filed by Peritus in early September 2014 transferring of the claim from Old Capital Motors to Peritus.[1]  Dckt. No. 31.

---

[1]  Initially, there was an issue regarding the nature of this claim but the parties have resolved this issue through a consent order that, along with other things, allows the filing fee to be

✎AO 72A
(Rev. 8/82)

As for her plan payments, Debtor initially proposed to fund her plan by making payments directly to the Trustee.  See Order, Dckt. No. 15.  When Debtor failed to make her July and August plan payments a Notice to Commence Wage Withholding was sent to Debtor's employer on August 12, 2014.  Dckt. No. 20.  Debtor's employer remitted Debtor's first payment in the amount of $150.00 on September 9, 2014 and then remitted $119.07 on September 24, 2014. From these funds, the Trustee made the first adequate protection payment to Peritus on October 1, 2014 in the amount of $247.54 and also paid the Trustee's fee of $21.53.  The Trustee did not remit any money for the filing fee.

In October, Debtor's employer remitted $238.14, less than the $271.00/month Debtor proposed to pay into her plan.  From the $238.14, the Trustee paid adequate protection payments of $127.46 to Peritus and her commission of $11.08.  At the confirmation hearing held October 2, 2014, the Trustee filed an unopposed motion to confirm Debtor's plan pending receipt of the court costs.  Dckt. No. 35.

No plan payments were remitted to the Trustee on Debtor's behalf in either November or December 2014.  In December, from the

---

paid before additional distributions are made to Peritus and allows Peritus to file a new proof of claim.  See Dckt. No. 57.

3

monies on hand, the Trustee disbursed $91.63 in adequate protection payments to Peritus and $7.97 for her commission.

On January 12, 2015, Debtor remitted a $125.00 money order to the Trustee.   This is well below her proposed monthly plan payment of $271.00.   As of February 1, 2015, the plan was approximately $1,447.00 underfunded.

The last day to pay the filing fee in accordance with the Bankruptcy Rule 1006 was December 17, 2014 (180 days from file date of June 20, 2014).

### CONClUSIONS OF LAW

In this district, debtors may propose chapter 13 plans directing the Trustee to pay both the adequate protection payments required by 11 U.S.C. §1326(a)(1)(C) and the chapter 13 filing fee. The Trustee also is entitled to her percentage fee pursuant to 28 U.S.C. §586(e)(2).   The issue in this case is the proper order of such disbursements when a debtor's chapter 13 plan is underfunded.

Debtor argues pursuant to General Order 1995-3 and 11 U.S.C. §1326(b)(1),[2] the Trustee should have paid the chapter 13

---

[2]   11 U.S.C. §1326(b) states in pertinent part:

"Before or at the time of each payment to creditors under the plan, there shall be paid--

(1) any unpaid claim of the kind specified in section 507(a)(2) of this title [the filing fee in this case] . . . ."

4

filing fee instead of making adequate protection payments and paying her commission.

Debtor further contends the Trustee should not have paid Peritus because the claim was filed by Debtor's counsel, not Peritus. Debtor's counsel acknowledges he should not have filed the claim, but argues the Trustee should not have paid the claim as a matter of law, because Debtor filed it prior to the claims deadline and therefore Peritus did not have an "allowed claim" at the time the Trustee commenced making pre-confirmation adequate protection payments in October. See Fed. R. Bankr. P. 3004 (allowing a debtor or trustee to file a proof of claim on behalf of a creditor within 30 days after expiration of the claims bar date). I disagree with the Debtor's challenge to the Trustee's funding of the claim on this basis. First, as a matter of equity, Debtor filed the claim and cannot now complain that the Trustee incorrectly paid a claim she requested to be paid. Second, pursuant to 11 U.S.C. §502,[3] Peritus' claim was an allowed proof of claim when filed as no objection was filed prior to the Trustee's disbursements. Given these facts, I do not agree with the Debtor's argument that it was

---

[3]   11 U.S.C. §502 states in pertinent part:

"A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."

AO 72A
(Rev. 8/82)

not an allowed claim.[4]

The Trustee contends that simultaneous compliance with General Order 1995-3 and General Order 2005-5 creates an irreconcilable conflict when there is not enough money to pay both the filing fee and adequate protection payments. The Trustee also mentions software problems created by having to pay the Clerk the full filing fee instead of being allowed to make partial payments. The Trustee further argues her motion to dismiss should be granted because of Debtor's delinquency. Finally, the Trustee argues Debtor did not file a motion to extend the time to pay the filing fee to 180 days and therefore the case should be dismissed, as a matter of law.

For the following reasons, I find the Trustee should have paid a portion of the funds received towards the Debtor's filing fee. General Order 1995-3 cannot be ignored and it specifically requires the filing fee to be paid from "first monies" received. While Debtor is delinquent in her plan payments, Debtor had paid enough into the plan to allow the Trustee to pay the filing fee in full prior to the expiration of the deadline.

At issue are General Orders 1995-3 and 2005-5 of the

---

[4] This in no way alters the consent order subsequently entered between the parties addressing this claim and subsequent disbursements thereon. See Dckt. No. 57.

6

Bankruptcy Court for the Southern District of Georgia. General Order 1995-3[5] directs the Trustee to pay the filing fee to the Bankruptcy Clerk "out of the first monies paid by the debtor." Gen. Order 1995-3 (Bankr. S.D. Ga. May 11, 1995). General Order 2005-5 Regarding Lease and Adequate Protection Payments states in pertinent part:

> 11 U.S.C. §1326(a)(1) provides that Chapter 13 debtors shall make certain payments 'directly' to certain lessors or creditors, 'unless the Court orders otherwise.'
>
> After due consideration the Count enters this Order for the purpose of permitting debtors in their Plan to elect whether to (1) remit those payments 'directly' or (2) remit those payments to the Trustee, earmarked for the purpose set forth by Congress.
>
> This action is based in part upon the following considerations and is authorized by §1326 and §105:
> .
> .

---

[5]   General Order 1995-3 provides:

> In every Chapter 13 case filed in this District in which the debtor requests permission to pay filing fees in installments,
>
> IT IS ORDERED that the filing fee required by 28 U.S.C. Section 1930 shall be paid by the Chapter 13 Trustee to the Clerk, United States Bankruptcy Court, out of the first monies paid by the debtor. The final installment shall be payable not later than 120 days [as extended up to 180 days] after the filing of the petition.

7

.
.
.

4. <u>Timely Hearing on Objections</u>. Confirmation hearings will be conducted prior to the deadline for filing claims. As a result, the Court can timely adjudicate any dispute over the amount and method of payment of these claims at confirmation, should a timely objection to the Plan be filed by any creditor.

IT IS THEREFORE ORDERED that pursuant to 11 U.S.C. §§1326 and 105, commencing October 17, 2005, debtors are authorized to designate in their Chapter 13 Plans whether lease and adequate protection payments shall be made 'directly' to the creditor or remitted to the Trustee.

If these payments are remitted to the Trustee they shall be paid to the creditor designated in the Plan after a claim is allowed until confirmation or further order of this Court. Creditor's rights in these funds shall be governed by the terms of a confirmed Plan, further order of Court, or in the case of a dismissal prior to confirmation, remitted to the creditor for whose benefit they were paid by Debtor and held during the pendency of the case.

Gen. Order 2005-5 (Bankr. S.D. Ga. Oct. 14, 2005).

General Order 1995-3 is very specific, requiring the filing fee to be paid "out of the first monies paid by the debtor." Gen. Order 1995-3. General Order 2005-5 addresses the payment of adequate protection payments, providing in part, "[I]f these [adequate protection] payments are remitted to the Trustee they shall be paid to the creditor designated in the Plan after a claim

8

is allowed until confirmation or further order of this Court." Gen. Order 2005-5. In this case, "these [adequate protection] payments" have not been remitted to the Trustee. Pursuant to the Court's General Order 1995-3, the filing fee, not adequate protection payments, must be paid from the first monies remitted to the Trustee by a debtor. The flaw in the Trustee's distribution scheme is that the filing fee has not been paid "out of the first monies paid by the debtor." Gen. Order 1995-3.

Creditors proposed to receive adequate protection payments are not without a remedy in underfunded cases. General Order 2005-5 provides, "the Court can timely adjudicate any dispute over the amount and method of payment of these claims at confirmation, should a timely objection to the Plan be filed by any creditor." Gen. Order 2005-5. Without objection from the creditor, nothing prevents the Trustee from paying the adequate protection payments in arrears after the filing fee is paid when the case is underfunded. In fact, Debtor's course of insufficient payments is already resulting in the Trustee delaying adequate protection payments under either funding scenario.

In this case, the Trustee received $269.07 in September. From this money, the Trustee should have made a partial payment towards the filing fee. At that point, there were sufficient funds

9

to make the August $125.00 adequate protection payment to Peritus and the remaining $144.07 could have gone towards the filing fee ($120.00) and the Trustee's commission (approximately $24.07). From the next plan payment in October of $238.14, since the 120 day[6] deadline was approaching, the remaining amount due on the filing fee (approximately $190.00) could have been paid in full with the remaining funds to go towards adequate protection and the Trustee's fee. This would ensure the entire bankruptcy case would not be dismissed for failure to pay the filing fee and the Trustee would have complied with both General Order 1995-3 and General Order 2005-5, subject to an objection from the creditor, or a motion to dismiss from any party in interest for the Debtor's underfunding of her plan.

Furthermore, the Bankruptcy Clerk's office does accept partial payments for the filing fee. The Clerk's office merely requests that partial payments be submitted once a month with appropriate references to the amount remitted to each particular bankruptcy case.

The Trustee also argues Debtor failed to timely file a motion for extension of time to pay the filing fee and therefore the case should be dismissed. I disagree. Federal Rule of Bankruptcy

---

[6]  See Fed. R. Bankr. P. 1006(b)(2).

✎AO 72A
(Rev. 8/82)

Procedure 1006 states in pertinent part:

> Prior to the meeting of creditors, the court
> may order the filing fee paid to the clerk or
> grant leave to pay in installments and fix the
> number, amount and dates of payment. The number
> of installments shall not exceed four, and the
> final installment shall be payable not later
> than 120 days after filing the petition.   For
> cause shown, the court may extend the time of
> any installment, provided the last installment
> is paid not later than 180 days after filing
> the petition.

Fed. R. Bankr. P. 1006(b)(2).   Prior to the expiration of the 180

day period, Debtor filed the motion to compel the Trustee to pay the

filing fee arguing that Debtor had tendered sufficient funds to pay

the filing fee within the 120 day period and the Trustee had

misapplied the funds to the adequate protection payments and the

Trustee's fee.   Given the ruling in this case, I agree Debtor had

tendered sufficient funds to pay the filing fee within the 120 day

period, and pursuant to 11 U.S.C. §105[7] the time to pay the filing

fee is extended beyond the 180 day period as set forth herein.   See

---

[7]   11 U.S.C. §105(a) states:

The court may issue any order, process, or judgment that
is necessary or appropriate to carry out the provisions of
this title. No provision of this title providing for the
raising of an issue by a party in interest shall be
construed to preclude the court from, sua sponte, taking
any action or making any determination necessary or
appropriate to enforce or implement court orders or rules,
or to prevent an abuse of process.

11

*In re Woodman*, 213 B.R. 53, 56 n.9 (Bankr. D. Conn. 1997)(under the facts and circumstances of the case, the court utilized its powers under 11 U.S.C. §105 to extend the time to pay the filing fee in installments beyond the time set forth in Rule 1006(b)(2)).

The Trustee is correct that this case is ripe for dismissal because of underfunding. However, the nature of dismissals for such delinquencies in chapter 13 cases is usually progressive. As part of the chapter 13 rehabilitation process, debtors actively pursuing their case in good faith, with the current ability to make plan payments, are generally given at least one opportunity to cure such deficiencies through the use of various measures including strict compliance orders. Therefore, given the facts and circumstances of this case, the Court will not dismiss the case at this time.

Finally, Debtor argues pursuant to 11 U.S.C. §1326(a)(2), the Trustee is required to retain plan payments until confirmation and if the plan is not confirmed then the Trustee must return the payments to Debtor and therefore does not earn her percentage fee. However, in accordance with 11 U.S.C. §1326(a)(1), this district, has "ordered otherwise" and allows debtors to elect to have the Trustee pay the filing fee and adequate protection payments from their plan payments. See 11 U.S.C. §1326(a)(1); Gen. Order 1995-3;

12

Gen. Order 2005-5.[8]   Therefore, the Chapter 13 trustees in this district do not retain plan payments until confirmation, but rather they make these adequate protection and filing fee payments pre-confirmation and therefore earn their percentage fee.[9]

 For the foregoing reasons, the Trustee's Motion to Dismiss is ORDERED DENIED and the Debtor's Motion to Compel is ORDERED GRANTED as set forth herein.   Debtor is ORDERED to make her full monthly plan payment in the minimum amount of $271.00 on or before April 20, 2015 and a minimum payment of $271.00 on or before May 20, 2015.   Debtor must strictly comply with the terms of this order. Failure to make these plan payments on or before the dates set forth above will result in dismissal of the case without further notice or hearing.   The Trustee is further ORDERED to remit the filing fee from the funds received from Debtor to the Bankruptcy Clerk's office in its regular monthly disbursements.

*Susan D. Barrett*

SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia

this __27th__ day of March, 2015.

---

[8]   Interestingly, allowing debtors to opt to pay the chapter 13 filing fee and adequate protection payments through the plan was done at the request of the debtors' bar in an effort to enhance the success rate of chapter 13 bankruptcy cases in the Southern District of Georgia.   Debtors are always free to pay the filing fee directly to the Clerk or through their attorneys, and to pay the adequate protection payments directly to the appropriate creditors.

[9]   This does not address the language of 28 U.S.C. §586(e)(2) that provides the Trustee "shall collect such percentage fee from all payments **received**."   28 U.S.C. §586(e)(2)(emphasis added).

AO 72A
(Rev. 8/82)